IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**October 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS DAVIS,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-131**          (JCN: 2021022561)

**CHARLESTON AREA MEDICAL CENTER, INC.**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas Davis appeals the February 26, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Charleston Area Medical Center, Inc. ("CAMC") timely filed a response.[1] Mr. Davis filed a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted a 1% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Davis was treated at the CAMC Memorial Hospital Emergency Department on March 20, 2021. He reported that he injured his right knee in early March, but that he did not complete an injury report form at the time. The diagnosis was pain and swelling of the right lower leg and cellulitis.

Mr. Davis completed an Employees' and Physician's Report of Occupational Injury or Disease on May 4, 2021, which indicated that he suffered an injury to his knee when he slipped on cardboard in a storage area while working for CAMC. The physician's portion, which was completed on the same date, noted an occupational injury to the right knee.

On May 25, 2021, Mr. Davis was seen by Tony Majestro, M.D., for pain in the right knee and swelling. Mr. Davis reported that he slipped on cardboard while at work and twisted his knee. Dr. Majestro requested an MRI of the right knee, and an injection in the right knee.

---

[1] Mr. Davis is self-represented. CAMC is represented by H. Dill Battle, III, Esq.

On May 27, 2021, Mr. Davis underwent an MRI of his right knee, which revealed a complex tear of the medial meniscus with a near complete tear of the posterior horn, full-thickness medial compartment cartilage loss, full-thickness cartilage loss in the lateral patella, moderate joint effusion, and numerous osteochondromas compatible with multiple hereditary exostoses.

On June 21, 2021, Mr. Davis underwent a right knee arthroscopy medial meniscectomy, right chondroplasty pate, a lateral femoral condyle and medial compartment performed by Dr. Majestro. The post-operative diagnoses were tear in the medial meniscus, right knee chondromalacia patellofemoral, lateral femoral condyle, and medial compartment. By notice of June 28, 2022, Mr. Davis was advised of his appointment for an independent medical evaluation with Prasadarao Mukkamala, M.D., on August 25, 2022.[2] On July 6, 2021, Dr. Majestro noted that the wound was healing satisfactorily.

On November 21, 2022, the claim administrator issued an order granting a 1% permanent partial disability ("PPD") award, based on a report by Dr. Mukkamala, which found him to be at maximum medical improvement ("MMI"). Mr. Davis protested this decision.

A December 12, 2022, office note from Jeremy James, PA-C, indicated that Mr. Davis likely had stress fractures of the left third, fourth, and fifth metatarsals. Mr. Davis was advised that if he continued to ambulate and bear weight on the left lower extremity, he would likely obtain complete fractures through the fourth and fifth metatarsal fractures.

On April 25, 2023, Mr. Davis underwent a three-phase bone scan, which showed significant degeneration of the right knee and left patellofemoral joint compartment, mild degenerative changes of the bilateral acromioclavicular joints, and significant mid-foot degenerative changes, which were greater on the left side.

A WV OrthoNeuro encounter note from April 29, 2023, indicated that Mr. Davis was scheduled for a right knee total arthroplasty on May 4, 2023, for arthritic degeneration. Mr. Davis was seen at WV OrthoNeuro on May 16, 2023, after the right knee total arthroplasty, and he was advised to continue with physical therapy.

By order dated February 26, 2024, the Board affirmed the claim administrator's order granting a 1% PPD award. The Board found that Mr. Davis did not submit any

---

[2] The report for the IME conducted by Dr. Mukkamala was not submitted into evidence below before the Board.

evidence to refute the 1% PPD award, and thus he did not establish that he is entitled to more than a 1% PPD award. It is from this order that Mr. Davis now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __ W. Va. __, __ S.E.2d __ (2024).

On appeal, Mr. Davis argues that Dr. Mukkamala's IME report incorrectly states that the compensable injury is sprain to the right knee. Instead, Mr. Davis asserts that his compensable injury is a torn meniscus. Further, Mr. Davis argues that the Board's order omits facts, and misconstrues the meaning of cited documents. We disagree.

Upon review, we find that Mr. Davis failed to demonstrate that the Board's findings and conclusions were clearly wrong. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this high standard of review in mind, we are unable to conclude that the Board erred in affirming the claim administrator's order, which granted a 1% PPD award.

Here, Mr. Davis failed to submit evidence before the Board that he was entitled to a PPD award of greater than 1%. Several of Mr. Davis' assignments of error involve an independent medical evaluation ("IME") performed by Dr. Mukkamala. However, this IME was not submitted to the Board for its review. The Board has no access to any

documents that are not submitted to it by a party in a protest.[3] Accordingly, we decline to review and consider the report of Dr. Mukkamala in this appeal.[4] *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (citation omitted) ("Our general rule is that nonjurisdictional questions. . . raised for the first time on appeal, will not be considered."). Further, Mr. Davis failed to submit to the Board evidence that any condition related to his left foot was ruled compensable in the claim. Therefore, we conclude that the Board did not err in affirming the claim administrator's order, which granted a 1% PPD award.

Accordingly, we affirm the Board's February 26, 2024, order.

Affirmed.

**ISSUED:** October 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[3] Also note that this rule requires parties to submit to the Board "all orders related to the compensable conditions in the claim." *See* West Virginia Code of State Rules § 102-1-7.11.1 (2022).

[4] However, we observe that CAMC's response indicates that right knee meniscal surgery was covered under the claim and that Dr. Mukkamala assigned 1% whole person impairment for the partial medial meniscectomy surgery.

4